UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DONALD M. BOSWELL                         CIVIL ACTION NO. 11-cv-0739

VERSUS                                    JUDGE WALTER

CLAIBORNE PARISH DETENTION                MAGISTRATE JUDGE HORNSBY
CENTER, ET AL

**REPORT AND RECOMMENDATION**

Donald M. Boswell ("Plaintiff") is a self-represented inmate. He alleges in this civil rights action that officials at the Claiborne Parish Detention Center violated his civil rights while he was housed at that facility. The court originally dismissed the complaint as frivolous, but the Fifth Circuit vacated that decision in part and remanded for further proceedings.

Before the court is a Motion to Dismiss (Doc. 31) filed by two of the defendants that Plaintiff named in his complaint: the Claiborne Parish Detention Center and (unspecified) "Staff" of the detention center. The motion argues that those two named defendants are not legal entities who may be sued in this court. The motion was noticed for briefing. Plaintiff did not file a response.

The motion has merit. "It is well established that a detention center is not a legal entity capable of being sued." Robertson v. Detention Center Claiborne Parish, 2009 WL 3241561 (W.D. La. 2009). A detention center is merely a building and grounds, not a person, corporation, or other entity who might properly be sued. Hicks v. Page, 2010 WL

2243584 (W.D. La. 2010). The same is true with respect to naming unspecified "staff" as a defendant. The departments, staffs, or the like at a jail or prison are not legal entities capable of being sued. Granger v. Tangipahoa Parish Jail - Medical Staff, 2013 WL 1103279, *2 (E.D. La. 2013); Mondello v. Bossier Parish Sheriff's Office, 2006 WL 1985407, *4 (W.D. La. 2006). The proper defendants are the individual officials who are alleged to have violated the plaintiff's rights. Plaintiff has named some such individuals, and the case will proceed with respect to them.

Accordingly,

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 31) be granted and that all claims against the Claiborne Parish Detention Center and Staff of Claiborne Parish Detention Center be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of March, 2016.

Mark L. Hornsby
U.S. Magistrate Judge