UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DONALD M. BOSWELL                CIVIL ACTION NO. 11-cv-0739

VERSUS                           JUDGE WALTER

CLAIBORNE PARISH DETENTION       MAGISTRATE JUDGE HORNSBY
CENTER, ET AL

**O R D E R**

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and expanded upon as explained below, and having thoroughly reviewed the record, including the written objections filed [Docs. ## 75, 76, and 77], and concurring, in part, with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 61)** is **granted in part** and **denied in part** as follows:

(1) With respect to the strip search claim, all claims against John Goodwin and James Banks are **dismissed with prejudice**, for the reasons stated in the Report and Recommendation; furthermore, the claim against Johnny Sumlin is **dismissed with prejudice**, as Plaintiff's lack of a physical injury precludes the recovery of compensatory damages for mental or emotional injury, and Plaintiff's failure to seek punitive or nominal damages precludes recovery thereof, under 42 U.S.C. § 1997e(e), see *Mayfield v. Texas Dep't Of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008). Thus, no defendants remain with respect to this claim.

(2) With respect to the retaliation claim, all claims against John Goodwin and James Banks are **dismissed with prejudice**, for the reasons stated in the Report and Recommendation. Furthermore, any retaliation claim against Johnny Sumlin, based on alleged acts of reprisal committed before May 5, 2010, are **dismissed with prejudice as untimely**. As to the retaliation claims against Johnny Sumlin, based on alleged acts of reprisal committed on or after May 5, 2010, the Report and Recommendation correctly concluded that said claims are not prescribed; however, said claims are nonetheless **dismissed with prejudice** in light of the above-referenced recovery limitations in 42 U.S.C. § 1997e(e), *see Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Thus, no defendants remain with respect to this claim.

(3) With respect to the hernia-related claim, all claims against John Goodwin are **dismissed with prejudice**. The claims against Johnny Sumlin and James Banks remain.

(4) With respect to the cold-related care claim, all claims against Johnny Sumlin, John Goodwin, and James Banks are **dismissed with prejudice**. No defendants remain with respect to this claim.

THUS DONE AND SIGNED at Shreveport, Louisiana, this the ___15___ day of ___December___ 2016.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE